Case 4:20-cv-03941  Document 1-3  Filed on 11/19/20 in TXSD  Page 1 of 6

10/8/2020 3:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47021824
By: Wanda Chambers
Filed: 10/8/2020 3:10 PM

CAUSE NO. _____

| | | |
|---|---|---|
| RIMA M. ABOUASSAAD, PLAINTIFF | § | IN THE DISTRICT COURT |
| vs. | § | _____ JUDICIAL DISTRICT |
| MARSHALLS OF MA, INC. DEFENDANTS | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES RIMA M. ABOUASSAAD (hereinafter called "Plaintiff"), complaining of and about MARSHALLS OF MA, INC. (hereinafter called "Defendants"), and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL
### I.

Petitioner intends discovery to be conducted under Level 3 of the Discovery Control Plan, pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE
### II.

This court has jurisdiction and venue is proper in Harris County, Texas because this is the county in which the cause of action described in this Original Petition occurred in whole or in part.

### PARTIES AND SERVICE
### III.

1. Plaintiff, RIMA M. ABOUASSAAD, brings this action individually. Plaintiff resides in Harris County, Texas.

2. Defendant, MARSHALLS OF MA, INC., is a business or corporation authorized to do business in the State of Texas and service of process on Defendant may be effectuated by serving its registered agent, US CORPORATION COMPANY, 400 N Saint Paul St., Dallas, Texas 75201.

Certified Document Number: 92535537 - Page 1 of 5

## MISNOMER/ALTER EGO
### IV.

In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interests of justice.

## FACTS
### V.

At all times mentioned herein, Defendant MARSHALLS OF MA, INC. owned the property in question, which was located at 4200 San Jacinto, Houston, Texas 77004.

### VI.

On or about January 9, 2019 and at all times mentioned herein, Defendant MARSHALLS OF MA, INC. was the possessors of the property in question and owned, occupied or maintained the premises located at 1120 Lake Woodlands Dr, The Woodlands, TX 773800

Plaintiff entered upon said premises for the purpose of shopping. Defendant extended an open invitation to the public, including Plaintiff to enter the premises and purchase goods and/or services being sold on the premises of the Defendant. Accordingly, Plaintiff was a business invitee to whom Defendant owed the duty to use ordinary care in making its premises reasonably safe and/or warning the Plaintiff of any dangerous conditions and/or activities existing upon said premises.

### VII.

During the time that Plaintiff was upon Defendant's property, she was seriously injured as a result of a dangerous condition in that there was improperly secured or stored headboard.

Plaintiff's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew or, in the exercise of ordinary care, should have known existed.

Defendant, its agents, servants, and employees negligently secured or stored the headboard in question, negligently or willfully allowed such condition or conditions to continue and negligently or willfully failed to warn Plaintiff RIMA M. ABOUASSAAD of the condition of the improperly

secured or stored headboard. This condition existed despite the fact that Defendant or its agents knew or should have known of the existence of the aforementioned condition(s) and that there was likelihood of a person being injured as Plaintiff was.

Furthermore, Plaintiff would show the court that the condition of the improperly secured or stored headboard had continued for such period that, had Defendant or its agents exercised ordinary care in the storage of its headboard, it would have been noticed and corrected by such persons.

## VIII.

At all times pertinent herein, Defendant, and any of its agents, who were acting in the scope of their employment were guilty of negligent conduct toward the Plaintiff in:

1. Failing to properly inspect and maintain the area in question to discover the dangerous condition.

2. Failing to store or secure Defendant's products in a reasonably safe condition.

3. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the improperly secured or stored headboard.

4. Failing to give warnings to Plaintiff of the unsafe condition.

5. Failing to remove the headboard or item that caused Plaintiff's injury.

6. Failing to provide adequate lighting of the area in question.

7. Failing to discover and secure the headboard within a reasonable time.

8. Failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the improperly secured or stored headboard in question;

9. Failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

10. Failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe; and/or

11. Failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe.

## DAMAGES FOR PLAINTIFF RIMA M. ABOUASSAAD
### IX.

Upon the trial of this case, it will be shown that Plaintiff was caused to sustain injuries and damages in the amount which exceeds the minimum jurisdictional limits of the Court. By law, the

Certified Document Number: 92535537 - Page 3 of 5

amount of damages is within the exclusive province of the jury. Plaintiff does not wish to substitute her judgment for the judgment of the jurors in this case as to the amount of damages. Subject to the judgment of fair and impartial jurors selected to serve in this case, Plaintiff states that the maximum amount of damages sought is over $200,000.00 but not to exceed $2,000,000.00, exclusive of court costs, and applicable pre-judgment and post-judgment interest.

Plaintiff reserves the right to amend this petition. Plaintiff respectfully requests that the Court and jury determine the amount of loss that she has incurred in the past and that she will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

There are certain elements of damage which, by law, Plaintiff is entitled to have the jury consider in order to determine from a preponderance of the evidence, the amount of money which would be fairly and reasonably compensate Plaintiff for the injuries and damages she has sustained in the past, and will, in reasonable probability, sustain in the future.

Those elements of damage sustained by the Plaintiff from the time of the incident until the trial of this cause, and from the time of trial into the future, include but are not limited to the following:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering in the past;

4. Mental anguish in the past;

5. Physical pain and suffering in the future;

6. Mental anguish in the future;

7. Physical impairment in the past;

8. Physical impairment which, in all reasonable probability, will be suffered in the future;

9. Disfigurement in the past;

Certified Document Number: 92535537 - Page 4 of 5

10. Disfigurement that, in reasonable probability, will be suffered in the future; and

11. All other damages in equity or at law to which Plaintiff entitled.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

### REQUEST FOR DISCLOSURE
### X.

In accordance with Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests that Defendant discloses, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff RIMA M. ABOUASSAAD respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount over $200,000.00 but not more than $2,000,000.00; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LASSITER LAW FIRM
3120 Southwest Freeway, Suite 650
Houston, Texas 77098
TEL (713)521-0104
FAX (713)521-0103
tim@lassiterlaw.net
service@lassiterlaw.net

BY: _____

JAMES M. LASSITER, III
State Bar No. 11969825
TIMOTHY M. MCHALE
State Bar No. 24046393
MOHAMMED H. NABULSI
State Bar No. 24105686
HANNAH G. JOHANNES
State Bar No. 24116572
ATTORNEYS FOR PLAINTIFF



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 19, 2020

Certified Document Number:        92535537 Total Pages:  5

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**